# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR CORTES, Individually and On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MARKET CONNECT GROUP, INC., a Delaware Corporation; and DOES 1 through 10, Inclusive,<br><br>Defendants. | CASE NO. 14cv784-LAB (DHB)<br><br>**ORDER GRANTING IN PART MOTION TO FILE DOCUMENTS UNDER SEAL** |

Cesar Cortes filed a motion to seal certain documents in support of his motion for class certification. (Docket no. 34.) They include exhibits attached to declarations, and his memorandum of points and authorities in support of his motion for class certification.

There is a strong underlying presumption that the public will have access to any document filed with the Court. *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir.2002). The standards for sealing documents in support of dispositive and nondispositive motions are different. A dispositive motion requires a showing that "compelling reasons" support a need for secrecy. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). But for nondispositive motions, the public's interest in the materials is weaker. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

Motions for class certification may be either dispositive or nondispositive. Unless the denial of the motion would effectively end the case, most courts treat such a motion as nondispositive. *See Ross v. Bar None Enterprises, Inc.*, 2014 WL 2700901, slip op. at *2

(E.D.Cal., June 13, 2014). Here, Cortes' claim is substantial enough that the case could continue even if certification were denied, and the Court finds the motion nondispositive.

Sealing documents in support of a nondispositive motion requires a showing of "good cause," *i.e.*, a showing of specific prejudice or harm that will result if the request to seal is denied. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). Here, the Court entered a protective order during discovery. *See Kamakana*, 447 F.3d at 1180 (explaining that in issuing a protective order, a court has already found good cause to protect the information from disclosure). The Court accepts Cortes' unopposed representation that the exhibits were covered by the protective order, and finds good cause to seal them.

As for the memorandum of points and authorities, it has already been filed in the docket, where the public has access to it, and there has been no showing of good cause. It may be that Cortes is referring to some other memorandum, but if so, his motion does not make that clear.

This motion is **GRANTED IN PART**. The request to file the exhibits under seal is **GRANTED**, but the request to file the memorandum under seal is **DENIED WITHOUT PREJUDICE**. If Cortes has some other memorandum in mind, he may bring a renewed motion asking that it be filed under seal. No later than **September 1, 2015**, Cortes must file the exhibits, lodge copies with the Court, and send copies to opposing counsel.

**IT IS SO ORDERED**.

DATED: August 28, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge