# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR CORTES, <br><br> Plaintiff, <br> vs. <br> MARKET CONNECT GROUP, INC., et al., <br><br> Defendants. | CASE NO. 14cv784-LAB (DHB) <br><br> **ORDER DENYING LEAVE TO SEEK RECONSIDERATION** |

Plaintiff Cesar Cortes moved *ex parte* for leave to seek reconsideration of the Court's order granting in part his motion for class certification.

While the Court has the inherent power to reconsider and amend its orders, *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper,* 254 F.3d 882, 886-87 (9th Cir .2001), motions for reconsideration are disfavored. Reconsideration is generally appropriate only where the Court is presented with newly discovered evidence or committed clear error, or if there has been an intervening change in controlling law. *Nunes v. Ashcroft*, 375 F.3d 805, 807 (9th Cir. 2003).

Cortes cites *Safeway, Inc. v. Superior Court*, 238 Cal. App. 4th 1138, 1159 (Cal. App. 2 Dist. 2015) for the proposition that "a policy of refusing to pay meal period premium wages is appropriate for certification in a California wage and hour case." (Docket no. 60, 1:9–11.) This decision does not represent a change in controlling law, nor is it new. It was decided

1  July 22, after briefing was complete but over two months before the Court issued its order.
2  Cortes could have brought it to the Court's attention by filing a notice of supplemental
3  authority, or by seeking leave to supplement the briefing. *See, e.g., In re Sony Gaming*
4  *Networks & Customer Data Security Breach Litig.*, 996 F. Supp. 2d 942, 953–54 (S.D.Cal.,
5  2014) (noting that party had filed notices of supplemental authority).

In addition, *Safeway* does not counsel reconsideration. It does not stand for the broad principle that class certification is appropriate whenever a case involves an alleged policy of not paying employees for denial of meal breaks, but merely held that class certification was appropriate in that case.

Cortes argues that because of the timekeeping software Defendant used, it never paid meal premiums for missed meal breaks. While this may be partly true,[1] what is missing is any kind of showing that the class members were uniformly denied the meal and rest breaks they were entitled to. There was no evidence of a uniformly-followed policy or practice of denying meal or rest breaks. The 2010 Field Handbook, used nationwide, told employees they may be entitled to rest breaks and meal breaks, and to consult their supervisors about it. The 2012 and 2014 Field Handbooks did include an explanation about breaks that was contrary to California law. But the evidence showed this was not uniformly followed in California. The evidence showed that some employees knew they were entitled to meal breaks and rest breaks, and took them, while others followed the policy of the stores where they happened to be working. In other words, even if the 2012 and 2014 Handbooks misstated the meal breaks and rest breaks employees were entitled to, there is evidence this was not a uniform policy in California.

*Safeway* also dealt with a class of tens of thousands of workers, where it was likely at least some employees had missed required meal or rest breaks. Here, the class consists of 1,150 class members, most of whom worked part-time with little or no supervision. The

---

[1] Defendant used two different timekeeping software systems, each of which captured only hours worked. They did not record whether breaks were taken or missed — or if they were missed, why they were missed. Cortes' expert, looking at the records, was only able to identify shifts during which required breaks "may not have been provided." (Bergmark Decl., Docket no. 36-16,  ¶¶ 23, 27.)

number of members in the meal break and rest break subclasses is unknown. The evidence showed that many of them could take breaks whenever they felt it necessary. Some of the class members likely were entitled to premiums for missed breaks, but a great deal of individual inquiry would be required to establish which ones.

These facts, plus other factors considered in the order, weigh against certifying a meal break or rest break subclass. The motion for leave to seek reconsideration is **DENIED**.

**IT IS SO ORDERED**.

DATED: October 19, 2015

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge